RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 08/10/05
BY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| THONEIAL WILMORE | CIVIL ACTION NO. 05-0226-M |
| VS. | SECTION P |
| 6TH JUDICIAL DISTRICT COURT, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on January 31, 2005, by *pro se* plaintiff, Thoneial Wilmore. At the time of his filing, plaintiff was an inmate at the Madison Parish Jail, Talullah, Louisiana, however, on June 14, 2005 the plaintiff advised the Clerk of Court that he was residing at 316 Morgan Street, Talullah, Louisiana.

## STATEMENT OF THE CASE

On May 5, 2005 plaintiff was ordered to amend his complaint within thirty days. [Doc. 7] The order was mailed to the plaintiff at the address supplied in the original complaint. On June 14, 2005 plaintiff contacted the Clerk of Court and advised of a change in address. On that same date, a copy of the docket sheet and another copy of the May 5, 2005 Memorandum Order were mailed to the plaintiff at the new address.

More than thirty days have elapsed since plaintiff was ordered to amend his complaint, and he has yet to respond.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Plaintiff has failed to comply with the court's order to amend his complaint.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

3

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 9th day of August, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE